IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ERNEST GUTIERREZ,**

      **Plaintiff,**

v.                                                           No. CV 11-0668 BB/LAM

**THE NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,**

      **Defendants.**

## ORDER

**THIS MATTER** is before the Court on Plaintiff's filings [*Docs. 6, 7, 10,* and *12*] submitted in response to the Court's Order [*Doc. 5*] entered on August 3, 2011. Also before the Court are Plaintiff's motion for appointment of counsel [*Doc. 3*] and motion to amend the complaint [*Doc. 11*]. At this point in the litigation, an amended complaint may be filed "as a matter of course" pursuant to Fed. R. Civ. P. 15(a) because there has not yet been service in this case, so Plaintiff's motion to amend the complaint will be denied as moot, and Plaintiff may submit his amended complaint for filing.

In the Court's Order entered August 3, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). [*Doc. 5*]. Based on Plaintiff's pre-filing account statement that showed significant income and a balance in his account, the Court directed Plaintiff to make a statutory initial partial payment of **$18.79** pursuant to 28 U.S.C. § 1915(b)(1), or show good cause why the payment should be excused. *Id.* In response, Plaintiff states that the amount he is paid has decreased because he was transferred to a different facility, and Plaintiff has submitted an exhibit showing a zero account balance. [*Doc. 6* at 3].

The Court finds that the decrease in Plaintiff's wages is not good cause for the initial payment to be excused. There is no constitutional violation in requiring an inmate to choose between prison purchases and litigation. *See Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997) ("If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor." (citation and internal quotation marks omitted). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee . . . [and] failure to pay the initial partial filing fee . . . may result in dismissal of a prisoner's . . . action." *Baker v. Suthers*, No. 00-1332, 9 Fed. Appx. 947, 949, 2001 WL 617549 (10th Cir. June 5, 2001) (unpublished) (citations omitted). While the Court notes that in Plaintiff's motion to amend his complaint Plaintiff disputes certain charges to his account [*Doc. 11* at 1], these disputed charges would not have depleted the account balances submitted in his initial motion to proceed IFP [*Doc. 2* at 4].

Plaintiff's failure to comply with the Court's order and statutory requirements, or to show cause for excusing the failure, constitutes grounds for dismissing the complaint. *See Baker*, 9 Fed. Appx. at 950 (affirming dismissal for failure to make initial partial payment or show cause for excusing the failure). "Under the PLRA, failure to comply with any of these requirements may result in dismissal of a prisoner's action." *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (citation omitted). **If Plaintiff fails to submit the previously ordered initial partial payment of** ***$18.79 within thirty (30) days from entry of this order*****, the Court may dismiss this action without further notice.** The Court will deny Plaintiff's second motion to proceed IFP [*Doc. 10*] as moot because Plaintiff has already been granted leave to proceed IFP. The Court will deny Plaintiff's

2

motion for writ of mandamus [*Doc. 12*] as moot because, in that motion, Plaintiff asks the Court to address Plaintiff's responses to the Court's show cause order, and the Court has addressed those responses in this order. The Court will deny Plaintiff's remaining pending motions without prejudice pending resolution of the initial IFP payment.

**IT IS THEREFORE ORDERED** that, **within thirty (30) days from entry of this order**, Plaintiff will either: (1) pay to the Clerk of the Court an initial partial payment of **$18.79**, or (2) show cause why his complaint should not be dismissed;

**IT IS FURTHER ORDERED** that Plaintiff's second IFP motion [*Doc. 10*], motion to amend the complaint [*Doc. 11*], and motion for writ of mandamus [*Doc. 12*] are **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's remaining pending motions [*Docs. 3* and *7*] are **DENIED without prejudice** pending resolution of the initial IFP payment.

**IT IS SO ORDERED.**

_Lourdes A. Martinez_
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**